**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ALEXANDER SCOTT POWELL**                                          **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 1:10cv442-HSO-JMR**

**BILOXI POLICE DEPARTMENT,
KAETIA ROBERTS, OTTO WILLS,
EARL GRIMES, MIKE BROWN, UNKNOWN
FRASIER, and GERALD FORDS**                                       **DEFENDANTS**

_____

**REPORT AND RECOMMENDATIONS**
_____

This matters comes before the Court pursuant to a Special Appearance Upon Motion [30-1] to Dismiss filed on behalf of the Defendants Mike Brown, Gerald Fords and Unknown Frasier ("Special Appearance Defendants") on March 28, 2011. Special Appearance Defendants' Motion is accompanied by a Memorandum [31-1] in Support thereof. To date, Plaintiff has not filed a response in opposition. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Special Appearance Defendants' Motion [30-1] to Dismiss for Insufficient Service of Process is well-taken and should be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed without prejudice.

**FACTS:**

On September 15, 2010, Plaintiff filed this *pro se* § 1983 action against Defendants alleging that his claims of sexual assault against him in 1992 and 1993 were not investigated. Plaintiff claims that in 1992 or 1993 the grand jury failed to return an indictment against the alleged perpetrator, and Plaintiff claims that he has not received justice. On November 15, 2010, Plaintiff requested to add Defendant Fords as a defendant, which this Court granted. Along with filing his Complaint [1-1],

Plaintiff filed a Motion [2-1] to Proceed *In Forma Pauperis*. However, before this Court had an opportunity to issue a ruling on Plaintiff's Motion to Proceed *In Forma Pauperis*, Plaintiff paid the filing fee in the amount of $350.00. (*See* Docket Entry on October 20, 2010 reflecting payment of filing fee.) Therefore, Plaintiff's Motion to Proceed *In Forma Pauperis* was subsequently denied as moot.

On October 21, 2010, the Clerk of the Court sent a Memorandum [5] to Plaintiff advising him that he is responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.[1] The Clerk enclosed summons forms and provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, and provided Plaintiff with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case. (*See* Mem. [5].)

On November 17, 2010, this Court entered an Order regarding service of process. (*See* Order [8].) The Court informed Plaintiff that he was responsible for having the summons and complaint served within the time allowed by Rule 4(m). *Id.* In particular, the Court noted that Rule 4(m) provided that a plaintiff must serve the defendants with the complaint within 120 days after the complaint is filed. *Id.* The Court ordered Plaintiff to serve the Defendants with the summons and complaint by January 13, 2011, and file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l). *Id.* The Court warned Plaintiff that his failure to properly serve process in accordance with Rule 4 will result in the dismissal of any unserved Defendant from this action without prejudice. *Id.*

On November 23, 2010, Vickie Cornett, Plaintiff's mother, filed a letter in the instant action

---

[1] Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court and the U.S. Marshal's office have no obligation to assist Plaintiff with the service of process. *See* FED.R.CIV.P. 4(c); Local Rule 4.1(B) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*).

regarding service of process. (*See* Compl. [1-1]; *see also* Letter [10-1].) In the letter, Cornett claimed to have emailed (electronic mail) a copy of the summons and complaint to the Defendants, however, the printout provided by Cornett clearly states that the emails were unable to be sent. *Id.* Regardless, Rule 4 does not permit service of process by email to defendants within the United States. *See* FED.R.CIV.P. 4(e). On November 29, 2010, Cornett provided to the Court certified mail return receipts, which she claims demonstrates that summons and complaints were mailed to Defendants.[2] (*See* Letter [11-1].)

By January 26, 2011, Plaintiff had failed to either return the summons forms to the Court or send a notice and request of waiver to the Court. On January 26, 2011, this Court entered an Order to Show Cause directing Plaintiff to show cause as to why this case should not be dismissed without prejudice for his failure to comply with the service provisions of Rule 4(m) and properly serve the Defendants. (*See* Order [17].) The Court informed Plaintiff that Rule 4(c) of the Mississippi Rules of Civil Procedure allows for three methods of service upon Mississippi residents: (1) process server, (2) sheriff, and (3) first-class mail. The Court further informed Plaintiff that he could not use certified mail as an initial method of effecting service of process upon defendants that are Mississippi residents. *Id.*; *Triple "C" Transp., Inc. v. Dickens*, 870 So.2d 1195, 1198-99 (Miss. 2004). Additionally, the Court instructed Plaintiff that Rule 4(c)(3) of the Mississippi Rules of Civil Procedure provides that a Mississippi defendant may be served by "mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment... and a return envelope, postage prepaid, addressed to the sender." "[T]o accomplish service of process by mail [under Mississippi Rule 4(c)(3)], the defendant must return a properly executed acknowledgment to the plaintiff." *Tucker v. Williams*, 7

---

[2] The Court notes that the return receipt for the package allegedly mailed to Defendant Kaetia Roberts was not provided to the Court. (*See* Letter [11-1].) Also, a certified mail receipt was not presented for either Defendant Biloxi Police Department or Defendant Unknown Frasier. *Id.* Further, the Court notes that the four (4) return receipts that were provided, which purport to be sent to Defendants Buddy Wills, Gerald Fords, Mike Brown and Earl Grimes, were all signed received by "Dolores Pizzetta." *Id.* The return receipts were not signed by the respective defendant.

So.3d 961, 964 (Miss. 2009). On February 22, 2011, the Order to Show Cause was returned to the Court as undeliverable. (*See* Returned [25-1] Mail.) Plaintiff had recently changed his address; therefore, the Court, the same day, re-mailed the Order to Plaintiff's new address by certified mail, return receipt requested. (*See* Docket Entry [23-1]; *see also* Docket Entry entered on February 22, 2011.) On February 24, 2011, the acknowledgment of receipt was returned to the Court regarding the Order to Show Cause, indicating that Plaintiff received the Order. (*See* Receipt [27-1].) To this date, Plaintiff has not filed a response to this Court's Order.

It appears that instead of responding to this Court's Order, Plaintiff again attempted to serve certain Defendants with process by certified mail. (*See* Summons [28-1].) On March 3, 2011, summonses were issued for Defendants Brown, Fords, Frasier, Grimes, Roberts and Wills. *Id.* On March 10, 2011, Plaintiff returned the summons forms to the Court for Defendants Brown, Fords, Frasier, Grimes, Roberts and Wills. (*See* Returned [29-1] Summons.) The returned summons forms noted that Defendants Brown, Fords, Frasier, Grimes, Roberts and Wills were served by certified mail. *Id.* Plaintiff attached the alleged acknowledgment receipt for each defendant to the summons forms.[3] Defendants Brown, Fords, and Frasier made a special appearance and filed the present Motion [30-1] to Dismiss for Insufficient Service of Process on March 28, 2011. To date, Plaintiff has not filed a response in opposition.

## ANALYSIS:

Special Appearance Defendants contend that Plaintiff has failed to properly serve them with process pursuant to Federal Rule of Civil Procedure 4 and this Court's Order entered on November 17, 2010. Special Appearance Defendants assert that Plaintiff has failed to sufficiently serve process within 120 days of filing the Complaint, and that his Complaint should be dismissed pursuant to Rule 4(m) and Rule 12(b)(5) of the Federal Rules of Civil Procedure. Additionally, Special Appearance Defendants claim that service is improper under Rule 4(e) because they were not served

---

[3] The Court notes that each acknowledgment of receipt was signed by Lee Ann Maller and not the respective defendant.

personally, nor was a copy of the summons and complaint left at the individual defendant's usual place of abode with someone of suitable age and discretion, nor did Plaintiff deliver a copy to an authorized agent to receive process.

Plaintiff has the burden of proving the validity of service of process. *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash. D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff could have either obtained a waiver of process from the defendants or served them with process (under either Federal or Mississippi law) as provided in the rules. FED.R.CIV.P. 4. "Unless... the defendant[s'] waiver[s] ha[ve] been filed," service may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED.R.CIV.P. 4(e)(l). This Court is of course in Mississippi and service was attempted in Mississippi. The Court notes that Plaintiff has not responded to the motion to dismiss, or this Court's Order to Show Cause, and he has not attempted to prove the validity of service of process.

Rule 4(m) provides in pertinent part that "if service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint, the court, upon motion or on its own initiative after notice to the plaintiff shall dismiss the action without prejudice... or direct that service be effected within a specified time." *See* FED.R.CIV.P. 4(m). Pursuant to Rule 4(e), Plaintiff may have served Defendants by following Mississippi's laws for serving a summons or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED.R.CIV.P. 4(e)(2).

As previously noted, Rule 4(c) of the Mississippi Rules of Civil Procedure allows for three methods of service upon Mississippi residents: (1) process server, (2) sheriff, and (3) first-class mail. Therefore, since Defendants are Mississippi residents, Plaintiff could not use certified mail as an initial method of effecting service of process upon defendants. *Triple "C" Transp., Inc.*, 870 So.2d

at 1198-99.  Rule 4(c)(3) of the Mississippi Rules of Civil Procedure provides that a Mississippi defendant may be served by "mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment... and a return envelop, postage prepaid, addressed to the sender." "[T]o accomplish service of process by mail [under Mississippi Rule 4(c)(3)], the defendant must return a properly executed acknowledgment to the plaintiff." *Tucker*, 7 So.3d at 964.  The record is bereft of any evidence that any defendant has been properly served pursuant to Federal or Mississippi Rule of Civil Procedure 4.  In Mississippi, the rules regarding service of process are to be strictly construed. *Young v. Sherrod*, 919 So.2d 145, 149 (Miss.Ct.App. 2005).  Therefore, the service attempt is insufficient under Mississippi law as well as pursuant to the dictates of MRCP 4(c).

Plaintiff filed his Complaint on September 15, 2010.  Thereafter, Plaintiff paid the requisite filing fee and was thus responsible for effecting service of process.  On October 21, 2010, the Clerk of the Court advised Plaintiff that he was responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure, and provided Plaintiff with summons forms, instructions for the issuance and service of process pursuant to Rule 4, and a copy of Rule 4.  Additionally, Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case. (*See* Mem. [5].)  On November 17, 2010, this Court again informed Plaintiff that he was responsible for having the summons and complaint served within 120 days of the filing of the Complaint, which would have been January 13, 2011.  The Court ordered Plaintiff to serve Defendants with the summons and Complaint pursuant to Rule 4 by January 13, 2011.  Again, the Court warned Plaintiff that his failure to properly serve process in accordance with Rule 4 could result in the dismissal of any unserved Defendant from this action without prejudice. (*See* Order [8].)

In late November 2011, Plaintiff attempted service of process on certain defendants by email and by certified mail. (*See* Letters [10-1, 11-1].)  On January 26, 2011, one hundred thirty three (133) days after the filing of Plaintiff's Complaint, this Court entered an Order to Show Cause informing Plaintiff that email and certified mail were not proper methods for service of process on the

Defendants in this action. (*See* Order [17].)  The Court directed Plaintiff to show cause as to why this case should not be dismissed without prejudice for his failure to comply with the service provisions of Rule 4(m) and properly serve the Defendants.  Additionally, the Court informed Plaintiff of the methods allowed for service of process upon Mississippi residents pursuant to Mississippi Rule of Civil Procedure 4(c).  The Order to Show Cause was returned to the Court as undeliverable on February 22, 2011.  That same day, the Court re-mailed the Order to Show Cause to Plaintiff at his new address by certified mail, return receipt requested.  The acknowledgment of receipt was returned to the Court, indicating that Plaintiff received the Order to Show Cause on or about February 24, 2011. (*See* Receipt [27-1].)  The Court cautioned Plaintiff that his failure to timely comply with the Order could result in this cause being dismissed without prejudice and without further notice to Plaintiff.  To date,  Plaintiff has failed to respond to the Court's Order [17-1].

In early March 2011, Plaintiff attempted to serve process on certain defendants, again by certified mail.  On March 10, 2011, Plaintiff returned summons forms to the Court for Defendants Brown, Fords, Frasier, Grimes, Roberts and Wills, and the forms noted that each defendant had been served by certified mail. (*See* Returned [29-1] Summons.)

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  However, if a Plaintiff can show good cause for failing to serve a defendant, the court must allow additional time to effect service.  *Id.*  The court may grant an extension of time, in its discretion, whether or not good cause is shown by the plaintiff. *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  To establish good cause, a plaintiff is required to demonstrate at least excusable neglect. *Lindsey v. U.S. R.R. Ret. Bd.*, 1010 F.3d 444, 446 (5th Cir. 1996).  This does not include simple inadvertence, mistake, or ignorance of the law. *Id.*

To date, Plaintiff  has failed to properly serve any Defendant with process or respond to the January 26, 2011, Order [17-1] to Show Cause.  Additionally, after Plaintiff initially attempted to

serve process on certain defendants by certified mail, this Court advised Plaintiff that service of process by certified mail was insufficient for resident defendants.  Nevertheless, Plaintiff ignored this Court's instructions and warnings, and again attempted to serve Defendants by certified mail.  Also, Plaintiff's Complaint was filed two hundred fifty (250) days ago and he has yet to effect proper service of process.  Today's date is one hundred thirty (130) days past the January 13, 2011 deadline for effecting service of process.  Based on the foregoing, this Court is of the opinion that Plaintiff has failed to show good cause for failure to comply with Rule 4(m), and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases.  Furthermore, this Court is of the opinion that the Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on January 26, 2011.  Given the procedural history of this case and Plaintiff's failure to respond to this Court's Order [17] to Show Cause or Special Appearance Defendants' Motion [30-1] to Dismiss, the Court does not find that good cause exists to grant an extension of time to effect service of process.

### RECOMMENDATION:

Therefore, it is the recommendation of the Court that Special Appearance Defendants' Motion [30-1] to Dismiss be granted and Plaintiff's Complaint [1-1] be dismissed without prejudice due to insufficient service of process.

In  accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636(b)(1); *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir.

1996).[4]

THIS the   23rd   day of May 2011.

                                                           s/ John M. Roper, Sr.
                                           CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.